[Criminal No. 803.   Filed June 25, 1934.]

[33 Pac. (2d) 991.]

WILLARD DOUGHTY, Appellant, v. STATE, Respondent.

Mr. James B. Rolle, Jr., and Mr. James Forest, for Appellant.

Mr. Arthur T. La Prade, Attorney General, Mr. John Francis Connor, Assistant Attorney General, and Mr. Glenn Copple, County Attorney, for the State.

LOCKWOOD, J. — Willard Doughty, hereinafter called appellant, was charged jointly with Dan O'Connell and Louis Sprague Douglass with the murder of one Ralph Hart. On this charge, a severance having been demanded, appellant went to trial and the jury returned a verdict of guilty of murder in the second degree, and he was sentenced to serve from twenty-five to fifty years in prison. From such sentence and the verdict this appeal is prosecuted.

The undisputed facts are as follows: Doughty, O'Connell and Douglass left New York City in the early part of January, 1933, for northern Yuma county, where there was a mining property known as the Good Hope Mining & Exploration Company, in which the wife and brother of Douglass were interested. Ralph Hart and J. G. Hayden were also interested in the mine and lived near by. When appellant and his companions arrived they set up their camp close to the dwellings of Hart and Hayden, remaining for about ten days, when they departed together in appellant's automobile for Phoenix, Arizona. A few days later the bodies of Hart and Hayden were found buried close to their residence, and bearing physical evidence that they had been killed by gunshot wounds of such a nature that a reasonable man might well believe the killing was murder. A short time later appellant and his companions were arrested in New York City and returned to Yuma county for trial.

At the trial the state introduced evidence tending to show, in addition to the undisputed facts above set forth, that when appellant and his companions were in Phoenix on their way from Yuma to New York, and after the killing of Hart and Hayden, the appellant sold his automobile and a large amount of personal property to Bill Davenport, a dealer in second-hand automobiles in Phoenix, and that among this personal property were a number of articles which had belonged to Hart and Hayden during their lifetime.

It further appeared that after appellant and his companions were returned to Yuma county and held in jail there pending trial, he wrote a number of letters which he gave surreptitiously to a trusty, with the request that they be delivered to Douglass and O'Connell. These letters, taken together, could well be construed by a reasonable man as an attempt to induce Douglass and O'Connell to frame a false defense for all three of the parties. The evidence aforesaid, while entirely circumstantial in its nature, was undoubtedly sufficient to take the case to the jury.

In defense Douglass, O'Connell and appellant all took the stand, and their story was, in substance, that Douglass had killed Hayden in self-defense; that thereafter the three had planned to tie up Hart so that he might not discover and reveal the killing of Hayden, and started to carry out such design, but at the last minute the hearts of appellant and O'Connell failed them, and they desisted from such plan, but that Douglass engaged in an altercation with Hart and, as he claims, shot him in self-defense.

There are several assignments of error which we will consider in their order. The first is that there was no evidence on the part of the state to support a conviction of murder in the first degree, or any of the offenses embodied in an information charging

such murder. A mere review of the evidence stated as aforesaid is sufficient to show the fallacy of this assignment. According to the evidence adduced by the state, appellant and his companions were for some time living close to the home of Hart and Hayden. They left there suddenly, and a few days after the bodies of Hart and Hayden were discovered buried under circumstances showing that they had been killed about the time appellant and his companions left, and that the killing was not justifiable or excusable. Shortly after their leaving, they were found together in Phoenix, where appellant himself disposed of certain property belonging to the dead man. Thereafter they were returned to Yuma county and appellant endeavored to persuade his associates to prepare a defense, under circumstances which might reasonably be taken as indicating such defense was untrue. Obviously this is sufficient to sustain a conviction of murder in the first degree. It is true that had the jury accepted the explanation of appellant and his associates, they might perhaps have acquitted him of being a principal in a cowardly and brutal murder; but according to his own testimony he was at least an accessory after the fact, and the circumstances might well lead the jury to believe that he was a principal in the murder.

The second is that the court erred in admitting any of the photostatic copies of the letters purported to have been written by the defendant. Three objections were made: (a) That a proper foundation was not laid for their admission as secondary evidence, because it did not appear that the state could not produce the original letters; (b) that they were irrelevant, immaterial and prejudicial as referring to matters relating to another crime, that of accessory after the fact; and (c) that they were improperly admitted as a whole and not separately. The record shows that the originals of the photostatic copies

had passed into the possession of appellant's co-defendants. Such writings are considered as inaccessible to the state, as the accused cannot be compelled to produce them, and therefore no demand for their production is necessary to make copies admissible. *Johnson* v. *State,* 33 Ariz. 354, 264 Pac. 1083; *People* v. *Powell,* 71 Cal. App. 500, 236 Pac. 311. We think the photostatic copies could be properly admitted in evidence without production of the originals or a demand on appellant's co-defendants for their production.

They were also highly relevant and material, as indicating that the defense offered by appellant was not true, but falsely prepared in advance. While it would have been better to offer and admit each of the letters separately, yet in view of the circumstances and their contents, we think they were all admissible, and therefore no harm was done by the order and manner of their admission.

The third is that the court erred in admitting testimony relative to the death of Hayden, when appellant was being tried for the murder of Hart. We have considered this objection fully in the case of *Douglass* v. *State, ante,* p. 84, 33 Pac. (2d) 985, just decided, and think it unnecessary to repeat the rule of law in regard to evidence of other crimes and the exceptions thereto laid down in such case. For the reasons stated in the Douglass case, the admission of circumstances connected with the death of Hayden was highly relevant upon the question of whether appellant was a principal in the killing of Hart, or merely an accessory after the fact.

The fourth is that the court erred in permitting cross-examination of the appellant's witnesses beyond the scope of the direct. We have also considered this question fully in *Douglass* v. *State, supra,* and reaffirm the rule laid down therein. No error was committed in the cross-examination.

. The fifth is that the verdict is contrary to the law and the evidence, because there is no evidence to connect appellant with the crime as a principal. It is true that the evidence tending to show that appellant was a principal in the murder of Hart is circumstantial, but it has never been held that circumstantial evidence, if strong enough, is not sufficient to sustain a conviction. As stated before, the evidence offered on behalf of the state was sufficient to sustain a verdict against appellant of murder in the first degree, and it was for the jury to determine whether the explanation offered by appellant and his co-defendants was true or false. They have resolved this issue against him, and we cannot say under the evidence they were not justified in so doing.

No material error appearing in the record, the judgment of the superior court of Yuma county is affirmed.

ROSS, C. J., and McALISTER, J., concur.