**Frank JOHNS, Petitioner-Appellant,**

**v.**

**E. P. PERINI, Superintendent, Marion Correctional Institution, Respondent-Appellee.**

**No. 20368.**

United States Court of Appeals, Sixth Circuit.

March 31, 1971.

John W. Eilers, Jr. (Court Appointed), Cincinnati, Ohio, on the brief, for appellant.

Stephen M. Miller, Columbus, Ohio (Paul W. Brown, Atty. Gen., Columbus, Ohio, on the brief), for appellee.

Before WEICK, McCREE, and BROOKS, Circuit Judges.

McCREE, Circuit Judge.

Appellant, who is serving a 30–60 year term of imprisonment imposed in consecutive sentences after his conviction in Ohio of both possession for sale and sale of $15 worth of marijuana, appeals from the denial, without an evidentiary hearing, of his petition for a writ of habeas corpus. It is conceded that he has exhausted available state post-conviction remedies.

On February 4, 1965, he was indicted by a grand jury in Cuyahoga County, Ohio in six counts alleging violations of state narcotics laws. Three of the counts, which alleged sales of marijuana to a police informer on November 6, 1964, were dismissed because of insufficiency of evidence. The other three counts charged, respectively, possession, possession for sale, and sale of marijuana on November 30, 1964. The court subsequently nol prossed the possession count because it charged a crime included in the offense of possession for sale, and the jury had found appellant guilty of possession for sale and sale of the marijuana.

The habeas corpus petition asserted three grounds for appellant's release:

(1) That the court erred in admitting evidence allegedly proving a prior similar act pursuant to § 2945.59, Ohio Rev. Code;[1]

(2) That petitioner was denied the effective assistance of counsel because his counsel failed to present an alibi defense which, if accepted by the jury, would have exonerated him; and,

(3) That petitioner was denied the right to confront a witness against him.

On appeal, appellant also argues that his conviction and punishment both of possession for sale and sale constituted double punishment, in violation of the Fourteenth Amendment, because the evidence indicated no possession apart from that involved in making the sale.

The District Judge was furnished a transcript of the state trial and concluded that it permitted him to resolve the issues presented by appellant's petition without holding an evidentiary hearing. 28 U.S.C. § 2254. He found the remoteness in time of the alleged prior act disturbing but concluded that the admission of evidence of the prior act did not deprive petitioner of a fair trial. Next he found that, although appellant's counsel failed to file and serve upon the prosecuting attorney a written notice of petitioner's intention to rely upon an alibi defense, as required by § 2945.58, Ohio Rev. Code,[2] the trial judge never-

theless exercised his statutory discretion and permitted petitioner to introduce evidence of the alibi over the objection of the prosecuting attorney. The District Judge regarded appellant's failure to offer employment records and time sheets in support of the alibi as the consequence of a tactical decision and not as the result of an exclusionary ruling by the trial court. Finally, he concluded that the claim of denial of the right of confrontation was not supported by the testimony.

■ We have also reviewed the transcript of testimony and we hold that it is inadequate to permit a determination whether appellant was denied the effective assistance of counsel. Accordingly, an evidentiary hearing is required in order to resolve that issue.

In this respect, we observe that the trial transcript contains repeated frustrating instances when the trial court, upon the stating of an objection, invited counsel to the bench for a side-bar conference and did not thereafter announce his ruling on the objection. The reader must accordingly infer from subsequent proceedings what, if any, determination was made. Unfortunately, appellant's contention that he was denied the effective assistance of counsel is obfuscated by such an episode.

The state's evidence indicated that the alleged sale took place in the vicinity of the Grapevine Tavern in Cleveland, Ohio after 11:00 p. m. on November 30, 1964. Appellant testified that he was employed

---

1. That statute reads:

In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.

2. That statute reads:

Whenever a defendant in a criminal cause proposes to offer in his defense, testimony to establish an alibi on his behalf, such defendant shall, not less than three days before the trial of such cause, file and serve upon the prosecuting attorney a notice in writing of his intention to claim such alibi. Notice shall include specific information as to the place at which the defendant claims to have been at the time of the alleged offense. If the defendant fails to file such written notice, the court may exclude evidence offered by the defendant for the purpose of proving such alibi.

as a cafeteria worker in an automobile factory on the evenings of November 30, December 1, and December 2, 1964 and that he was at work by 11:00 p. m. on those evenings. Defense counsel was then interrupted by the prosecuting attorney:

Q [by defense counsel]: How do you know you worked there on the 30th of November—

MR. LIPOLD [Prosecuting Attorney]: Your Honor, at this time I would like to approach the bench.

THE COURT: Surely.

(Thereupon discussion was had between the court and counsel off the record and out of the hearing of the jury.)

Transcript at 224–25. Without further record comment by either the trial judge or counsel, direct examination continued and the following colloquy occurred:

Q Now, how do you know you were there on those three days?

A I have my pay stub in my pocket.

Q May I see it please?

MR. LIPOLD: Your Honor, again I am going to object.

MR. MILANO: I am not offering anything.

MR. LIPOLD: I am still going to object and I would like to be heard on this.

THE COURT: All right, if counsel will approach the bench.

(Thereupon discussion was had between the court and counsel off the record and out of the hearing of the jury.)

Transcript at 225–26. No further attempt was made to buttress appellant's assertion that he was at work at the time of the alleged offense, although there are documents of record which would lend support to the alibi.

█ It appears that the prosecuting attorney had no objection to Johns' testifying about his employment, but that he vigorously opposed any attempt to buttress the claim of alibi by employment records or other means. It is unlikely that a jury would credit the unsupported alibi testimony of a defendant when that testimony, as in this case, merely contradicted the testimony of two witnesses for the prosecution who had identified Johns as the seller of the marijuana. We observe that many statutes requiring notice of intention to rely upon an alibi defense do not exclude alibi testimony of the defendant himself. *See, e. g.,* Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970); Annot., 30 A.L.R.2d 480, §§ 4, 6 (1953). Although it appears that the trial court could, under the Ohio statute, have excluded even appellant's own alibi testimony, Smetana v. State, 22 Ohio Law Abst. 165, app. dismissed, 131 Ohio St. 329, 2 N.E.2d 778 (1936); State v. Nooks, 123 Ohio St. 190, 174 N.E. 743 (1930), it apparently exercised its statutory discretion to permit Johns to testify. It is not clear whether defense counsel made a tactical decision not to introduce the documentary evidence or whether he was precluded from doing so because he had neglected to give the statutory notice. In the latter event, since this was appellant's only defense, issuance of the writ would be dictated by this court's decision in Schaber v. Maxwell, 348 F.2d 664 (6th Cir. 1965). *See* Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Henderson v. Cardwell, 426 F.2d 150 (6th Cir. 1970). Accordingly, we vacate the order of the District Court and remand for a hearing to determine whether a negligent omission by defense counsel precluded presentation of evidence of alibi in support of appellant's only defense. We do not reach the other issues presented in this appeal and we do not hereby preclude reconsideration of them by the District Court as the evidentiary hearing may indicate.

Vacated and remanded for further proceedings.