OPINION
Plaintiff, Rosemary Lapierre, appeals from an order of the domestic relations division of the court of common pleas terminating the spousal support obligation the court had imposed on her former spouse, Defendant, Robert A. Lapierre, in the decree of divorce terminating their marriage.
Rosemary[1] and Robert were divorced on November 14, 1994, followingthirty-two years of marriage. The decree provided inter alia:
 "Subject to the court's continuing jurisdiction to modify and/or terminate, Defendant shall pay spousal support to the Plaintiff in the amount of FOUR HUNDRED DOLLARS ($400.00) per month for the remainder of his life, the remainder of Plaintiff's life, or further court order, whichever occurs first, effective with the filing of this decree."
On August 22, 2000, Robert moved to terminate his spousal support obligation, contending that he had been forced to retire and that Rosemary had begun to receive her share of his retirement income the court also awarded her in the decree. Robert also pointed out that he was awarded a share of Rosemary's civil service pension, which he was willing to forego in exchange for the termination of spousal support he requested.
The trial court conducted a hearing on Robert's motion. The court entered an order granting the motion on January 4, 2001, in which the court stated:
 "The Court finds that due to his recent retirement, the Defendant's motion is well taken. It is also determined that it has continued jurisdiction over the issues of spousal support and retirement issues pursuant to the Final Decree of Divorce that was filed on November 14, 1994. Therefore the Defendant's spousal support obligation is TERMINATED. The effective date for termination is March 1, 2001. It is also ORDERED that the Defendant's interest in the Plaintiff's Civil Service Retirement System (CSRS) is also TERMINATED. The appropriate paper work to sever the Defendant's interest in the Plaintiff's CSRS will be prepared by the Defendant's attorney and submitted to the Court for its review no later than thirty (30) days from the time-stamped date affixed to this Judgment Entry.
So Ordered."
Rosemary filed a timely notice of appeal. She presents a single assignment of error, which states:
 THE TRIAL COURT ERRED IN TERMINATING SPOUSAL SUPPORT IN THIS MARRIAGE OF LONG DURATION WITHOUT RETAINING JURISDICTION OVER THE ISSUE OF SPOUSAL SUPPORT IN THE FUTURE.
Per Article IV, Section 4(B), the jurisdiction of the court of common pleas and its divisions is fixed by legislative enactment. Mattone v.Argentina (1931), 123 Ohio St. 193. The General Assembly, acting pursuant to that authority, has enacted R.C. 3105.18, which governs awards of spousal support. Division (E) of that section provides:
 If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on or after May 2, 1986, and before January 1, 1991, or if a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
 (1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.
 (2) In the case of a dissolution of marriage, the separation agreement that is approved by the court and incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.
The trial court satisfied the requirements of R.C. 3105.18(E)(1) when in the divorce decree it expressly retained jurisdiction to modify the terms of the spousal support ordered. The particular error that Rosemary assigns is that the trial court erred because it failed to likewise "retain jurisdiction" in its order of January 4, 2001, terminating the spousal support it had ordered in the decree. Rosemary argues that the court abused its discretion when it failed to retain jurisdiction to again impose spousal support in some measure at some future time, in view of her age and the prospect that she may face medical expenses in the coming years.
Per R.C. 3105.18(E)(1), the predicate statement required to avoid a loss of jurisdiction to modify the amount or terms of spousal support that otherwise would occur when the decree is final appears in the divorce decree itself. That requirement was, as we have found, satisfied in this instance.
We have held that, upon compliance with R.C. 3105.18 (E)(1), the court's jurisdiction to impose spousal support continues even though no spousal support was ordered in the decree. Aylstock v. Bregenzer (1994), Montgomery App. No. 14325, unreported. Likewise, a subsequent modification order terminating spousal support does not extinguish jurisdiction the court has retained pursuant to R.C 3105.18(E)(1) when the requirements of that section are satisfied in the decree.
The trial court was not required to again "retain jurisdiction" in its order of January 4, 2001, as a prerequisite to a future modification of the January 4, 2001 spousal support order, notwithstanding the fact that the order terminated Robert's spousal support obligation. It did not likewise operate to terminate the court's continuing jurisdiction. Indeed, having acquired that subject matter jurisdiction in the manner the General Assembly has prescribed, the court could not rid itself of that jurisdiction at its own instance, by its own order.
Rosemary also argues that the court should have made findings in order to terminate Robert's spousal support obligation, because without them she is unable to challenge the termination. We always welcome findings, because otherwise we can only surmise why a trial court did what it did. When that is not possible from the record before us, a remand is warranted. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93.
The facts and circumstances which support modification are set out in R.C. 3105.18(C)(1). A party who is dissatisfied with an ordered modification may show, on the record before the court, that in relation to the relevant statutory factors the court abused its discretion when it modified support as it did. "Absent a showing that a trial court abused its discretion, a termination of sustenance alimony payments in a modification proceeding should not be disturbed." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, Syllabus by the court.
Other than general references to her age and possible future health problems, Rosemary has not argued in this appeal what evidence of her need for support or Robert's ability to pay it the court unreasonably ignored when it terminated spousal support. If future events or matters of that kind occur which portray a sufficient change of circumstances, the trial court possess the continuing jurisdiction to award Rosemary spousal support on that account.
The assignment of error is overruled. The order from which the appeal was taken will be affirmed.
WOLFF, P.J. and FAIN, J., concur.
[1] For clarity and convenience, the parties will be identified by their first names.