Day, J.
 

 This is a proceeding in error to reverse the Court of Appeals of Greene county. The defendants in error, Forest Nooks and Samuel Wallace, were jointly indicted, tried, and found guilty of the larceny of chickens of the value of $40, the property of one Leonard Flatter; the date of the alleged offense being on or about September 8, 1929.
 

 During the trial a witness was offered by one of the defendants below for the purpose of proving an alibi. Objection was made by the state, because no
 
 *191
 
 written notice, pursuant to Section 13444-20, General Code, had been given the state. The objection to re-receiving such testimony being sustained, both defendants then made the following offer to prove:
 

 “Thereupon the defendants offered to show by the testimony of John Tate, Mrs. John Tate, George Tate, Mrs. Virginia Nooks, wife of defendant Forest Nooks, and Anna Nooks that the defendant, Forest Nooks, was at the home of John Tate from Saturday the 7th of September to Monday morning the 10th of September, and that he did not for any time leave the said place during the said period from September 7th to September 9th, for the purpose of showing the whereabouts of said defendant, Forest Nooks, and to disprove the testimony of John Palmer, witness for the prosecution.
 

 “And defendants also offered to show by the testimony of defendant Samuel Wallace and Margaret Collins that said defendant, Samuel Wallace, was at his home during all of the day of September the 8th, and during all of the night beginning on that day, for the purpose of showing the whereabouts of said defendant, Samuel Wallace, and for the purpose of disproving the testimony of John Palmer, witness for the prosecution.
 

 “Thereupon the plaintiff objected to the introduction of the said evidence on the ground that the defendant had not given notice of alibi to the prosecuting attorney three days previous to the trial, as provided in Section 13444 [13444-20]. Objection sustained. To which ruling of the court the defendants then and there excepted. ’ ’
 

 The Court of Appeals reversed the judgment of the trial court, holding the testimony offered was
 
 *192
 
 competent, regardless of the statute, because the same tended to disprove the truth of the testimony of the state’s chief witness, John Palmer, who had testified to his association with the accused on the date in question, to wit, September 8, 1929, that he had driven with them in a certain automobile along a route to a point in Greene county near the residence of Leonard Flatter, the owner of the chickens, and that the defendants left the automobile for a short time, and, when they returned, carried sacks which contained chickens, that they placed them in the automobile and drove away with them, later transferring them to crates at another point, thus converting them to their own use.
 

 In their brief the defendants in error claim the following questions are presented: “First, the notice described in the above section [Section
 
 13444-
 
 20] not having been given, can defendants, jointly tried, introduce evidence tending to impeach the testimony of the principal witness for the prosecution, though at the same time the evidence so offered may tend to prove an alibi for one or both of the defendants?
 

 “Second: * * * Can one defendant, jointly indicted and jointly tried with a co-defendant, introduce evidence tending to impeach the evidence of the principal witness for the prosecution by directly denying it, though at the same time the evidence offered may tend to prove an alibi for the co-defendant?”
 

 The section of the General Code under consideration is as follows: “Whenever a defendant in a criminal cause shall propose to offer in his defense, testimony to establish an alibi on his behalf, such defend
 
 *193
 
 ant shall, not less than three days before the trial of such cause, file and serve upon the prosecuting attorney, a notice in writing of his intention to claim such alibi; which notice shall include specific information as to the place at which the accused claims to have been at the time of the alleged offense; in the event of the failure of a defendant to file the written notice in this section prescribed, the court may, in its discretion, exclude evidence offered by the defendant for the purpose of proving such alibi.”
 

 Upon a consideration of the entire record, we see no abuse of the discretion given the trial judge in the section noted by excluding this testimony. Both defendants proffered testimony of their separate whereabouts on the night in question, as if tried separately. Would this excluded testimony be competent because it might have tended to show the untruthfulness of Palmer’s testimony as to one defendant while tending to show an alibi for the other?
 

 It is to be noted that all the testimony proffered was in support of the alibi, and was purely alibi testimony. Of course, it goes to the credibility of Palmer’s testimony upon the point of the participation of both defendants in the offense, and whatever Palmer testified to affected both defendants alike. If the defendants had offered testimony for the purpose of disproving the truth of the testimony of the state’s chief witness, Palmer, which had nothing to do with the establishing of an alibi and went to some other subject in addition to alibi testimony, then a different question would be presented; but no such state of facts is shown by this record. Palmer’s testimony goes entirely to the presence of both the
 
 *194
 
 accused at the time and place of the commission of the offense and the participation of both therein. The existence of the testimony as to their whereabouts was surely known to both defendants more than three days prior to the trial, so that no claim of surprise can be made as to the testimony of Palmer, in the light of the date averred in the indictment and the ownership of the property taken. Necessarily, alibi testimony must tend to disprove the testimony of the state.
 

 As to the whereabouts of Palmer on the night in question, the defendants were permitted to and did introduce testimony tending to show that he was not at the place he said he was, but, in fact, was at home in bed with his grandfather; that he was not at the homes of Wallace and Nooks, as he testified. Each defendant testified to his own whereabouts on the night in question and certain witnesses for Wallace testified, without objection, that Wallace was at home sick at the time testified to by Palmer. The jury believed Palmer and disbelieved the defendants and their witnesses.
 

 Under the rule of Section 13444-20 we do not find that it affirmatively appears from this record that the trial court abused the discretion set forth in the statute, by the exclusion of this alibi testimony; nor were the defendants prevented from having a fair trial within the provisions of the Criminal Code. To hold that there was an abuse of discretion under this record is to deprive Section 13444-20 of any force and effect, as it is difficult to conceive how any alibi testimony in a criminal case would not tend to disprove the testimony offered by the state upon the point of the whereabouts of the accused at the time and place of the commission of the offense.
 

 
 *195
 
 Not being willing to disregard the statute in question, we find that the Court of Appeals erred in reversing the judgment of the court of common pleas, and for so doing its judgment is reversed and that of the court of common pleas is affirmed.
 

 Judgment of Court of Appeals reversed and judgment of court of common pleas affirmed.
 

 Mar.rttatiTj, C. J., Kinkade, Jones and Allen, JJ., concur.