363 P.2d 585

**STATE of Arizona, Appellee,**

v.

**William T. LOFTIS, Appellant.**

No. 1180.

Supreme Court of Arizona.

En Banc.

July 7, 1961.

**404**

Paul H. Primock, Phoenix, for appellant.

Wade Church, Former Atty. Gen., Robert W. Pickrell, Atty. Gen., Stirley Newell and John A. Murphy, Jr., Asst. Attys. Gen., for appellee.

BERNSTEIN, Vice Chief Justice.

The defendant, William T. Loftis, was charged with the crime of second degree murder for the unlawful killing of one Jean Mangum on May 13, 1959. He now appeals from a judgment, entered on a jury verdict, convicting him of the crime of manslaughter.

The facts are: The defendant, owner and operator of the PM Bar located next to the Mayes Hotel in Phoenix, rented a room in the Mayes Hotel on May 12, 1959. Early the following morning the manager of the hotel, being requested by the defend-

ant, assigned room No. 3 in exchange for the room rented to the defendant the day before.

During the course of the morning on May 13, 1959, the defendant met the decedent. They visited a short time in his bar and then went together to room No. 3 in the Mayes Hotel. While they were in the room, a tenant of the hotel, Riley, attempted to enter the room for the purpose of having an affair with the decedent, he testified that at that time he observed the defendant in the room seated on the bed. A chain lock on the inside of the door prevented his entrance, and the defendant got up and slammed the door shut. Shortly thereafter, a slapping noise, cries and a gasping for breath were heard coming from the room and then silence.

The defendant was later observed carrying clothing and shoes into the decedent's room and then hurriedly leaving the hotel. A short time later, the hotel maid found the decedent's body stuffed in the closet of room No. 3. The cause of death was found to be manual strangulation.

The defendant has assigned five errors for our consideration. The first assignment charges that the trial court abused its discretion in not allowing the defendant to recall witness Hurley for further cross-examination unless he informed the court what he intended to prove and promised not to ask the witness where he was then residing. The witness in question had testified earlier, was cross-examined by the defendant and excused subject only to call. Later the same day, the defendant learned that the witness was then incarcerated in the county jail and made his motion to recall. Except for the fact of the witness' present confinement, the defendant made no offer of proof, even though requested to do so by the court, regarding what he was hoping to prove by further cross-examination.

The defendant having refused to make an offer of proof, it is apparent that the purpose of the motion was to attack the credibility of the witness by showing he was now confined in the county jail. The fact that he was in jail, without more, would not be proper impeachment. On cross-examination one may be impeached by showing that he was convicted of a felony, not too remote in time, but not by bad acts in general or that he has merely been charged with a crime. State v. Holman, 88 Ariz. 280, 356 P.2d 27; State v. Little, 87 Ariz. 295, 350 P.2d 756; State v. Harris, 73 Ariz. 138, 238 P.2d 957.

The defendant has made no claim that he did not have the right to cross-examine the witness fully on the matters he sought to elicit upon original cross-examination. The trial court has a wide discretion with regard to further cross-examination of a witness and may limit its scope. A party has no right to use further

cross-examination to repeat or re-emphasize matters already covered on direct or cross-examination. The court may inquire into the nature and purpose of the further cross-examination to determine whether to permit it or limit its scope. The ruling of the trial court in rejecting the motion to recall the witness Hurley was not an abuse of discretion and will not be disturbed on appeal.

The defendant contends the court erred in permitting, over his objections, a police officer to testify to the fact that the police attempted to locate the defendant after the commission of the crime but were unable to do so. The record reveals that on the day of the killing, the defendant had been in his bar and the decedent's room No. 3 at the Mayes Hotel, and suddenly disappeared after leaving the decedent's room.

■■■ The whereabouts of the accused, his comings and goings subsequent to the commission of the offense and up to the time of his apprehension is a circumstance the jury may consider. Ramirez v. State, 55 Ariz. 441, 103 P.2d 459. Proof of flight is always admissible.

> "'* * * The law makes no nice or refined distinction as to the manner or method of a flight; it may be open, or it may be a hurried or concealed departure, or it may be a concealment within the jurisdiction. * * *'" State of Arizona v. Guerrero, 58 Ariz. 421, 120 P.2d 798, 800.

The fact that the defendant apparently concealed himself after the commission of the offense of which he was charged was properly allowed.

■■ The defendant further contends that the trial court erred in refusing to permit his witnesses, Clode and Morgan, to testify to an alleged conversation between the decedent and the witness Riley. When Clode was on the stand, the court would not permit him to testify to such alleged conversation for the reason that the witness Riley had not previously been asked whether he had a conversation with the decedent and therefore could not be impeached on the conversation. Clode was then asked whether he heard any part of the alleged conversation. He answered: "No, I was busy." The witness admitting he did not hear the conversation, no error was committed by not permitting him to relate that of which he knew nothing.

■■ When Morgan was on the stand, the defendant before asking him about the alleged conversation, made an offer of proof to the court concerning what Morgan would testify to. The court properly denied the offer. An offer of proof is only in order when (1) the court sustains an objection to a question asked the witness or (2) the court has indicated it would reject such testimony if offered. See McCormick on Evidence, p. 112; Udall on Arizona Law of Evidence, p. 31. Cf.

Peterson v. Sundt, 67 Ariz. 312, 195 P.2d 158. The record reveals that at the time this offer of proof was made the court had not indicated that it would reject evidence of the alleged conversation.

The defendant assigns as error the admission into evidence of certain exhibits on the grounds: (1) that no proper foundation had been laid, and (2) that such exhibits were irrelevant and immaterial. At the trial when these exhibits were offered and admitted, the defendant objected stating:

> "My only reason for objecting to 5 or 6 is I see *no probative value* for the pants or shoes. * * *" (Emphasis supplied.)

Error cannot be assigned on appeal except upon the grounds urged in the objection before the trial court. Regardless, the trial court properly admitted the pants and shoes exhibits into evidence.

The defendant had been observed carrying clothing and shoes into the decedent's room on the day of the killing and leaving shortly thereafter. The pants and shoes were found in the decedent's room and identified as belonging to a tenant of the Mayes Hotel who had earlier reported them missing to the manager. It is the state's theory that the defendant placed such clothing in the decedent's room to make it appear that a third person had undressed and left his clothing in the room, and that someone other than the defendant could have killed the decedent.

It is well settled that "clothing may be properly admitted as evidence in cases * * * as a part of the *res gestae,* or as forming a link in the chain where the evidence is circumstantial." Hadley v. State, 25 Ariz. 23, 212 P. 458, 460. Facts tending to show that the defendant manufactured or fabricated evidence is not only admissible, but is also reliable as showing a consciousness of guilt. Wigmore on Evidence, 3rd Ed., § 277. The exhibits in question were relevant and material and properly admitted as forming a link in the circumstantial chain of evidence connecting the defendant with the crime.

In the defendant's last assignment of error there is an accumulation of numerous alleged errors which if taken as a whole, the defendant urges, denied him of a fair and impartial trial. We have carefully considered each element contained therein and conclude they are wholly unsupported by the record before us, and are thus without merit.

The judgment is affirmed.

STRUCKMEYER, C. J., and UDALL and LOCKWOOD, JJ., concurring.

NOTE: JENNINGS, J., having disqualified himself, did not participate in the determination of this appeal.