469 P.2d 823

The STATE of Arizona, Appellee,

v.

James Thomas ADAIR, Appellant.

No. 2020.

Supreme Court of Arizona, In Division.

June 1, 1970.

Rehearing Denied July 7, 1970.

---

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Robert E. Guzik, and John W. Lischer, Phoenix, for appellant.

McFARLAND, Justice.

The appellant, James Thomas Adair (hereinafter referred to as the defendant) was convicted of the crime of robbery, and sentenced to serve not less than ten years nor more than twenty years. From his conviction and sentence he appeals. He contends it was error for the trial court to permit the State to "pursue a line of questioning involving defendant's alleged prior acts of misconduct, not resulting in a felony conviction"; and that it was error for the trial court to refuse the testimony of an "alibi witness" who was unlisted in the notice required by Rule 192, subd. B, Rules of Crim.Proc., 17 A.R.S. As a third point he claims that the foregoing errors deprived him of his constitutional rights to a fair trial.

The line of questioning objected to was the State's cross-examination of the defendant as to whether he had threatened the lives of his witnesses if they failed to testify favorably in his behalf. The cross-examination of the defendant was, in part, as follows:

"Q Do you think your brother-in-law would lie to protect you?

"A No, I most certainly do not.

"Q Do you think your sister would lie to protect you?

"A No.

"Q Did you ever threaten your brother-in-law, Joe McFarland by threatening him, I mean threaten to kill?

"A No, sir, I sure haven't.

"Q All right. Did you ever—"

At this point the court overruled defendant's objection.

"MR. PEARLMAN: Q Did you ever threaten your sister, Edna?

"A No, sir, most certainly have not.

"Q And by threat, I mean threaten to kill or to harm?

"A No, I sure haven't.

"Q Your mother and father, did you ever threaten to kill or to harm them?

"A No, I didn't."

Another objection was interposed which was sustained, but only as the questioning related to the defendant's parents, apparently because they were not listed as witnesses to the alibi.[1] A similar series of questions was put to each of the defendant's witnesses inquiring into whether their testimony was coerced.

■ At the outset, it should be pointed out that the defendant has confused the principle relating to prior, similar occurrences as set forth in State v. Johnson, 94 Ariz. 303, 383 P.2d 862, with the acts that the State sought to show in the instant case.

---

[1] It is noteworthy that this ruling is entirely consistent with the trial court's subsequent refusal to permit the defendant's mother to testify as an alibi witness.

In Johnson we reaffirmed the holding that a witness cannot be impeached by showing other acts of misconduct which are not sustained by a felony conviction. The alleged acts of misconduct of this defendant were not prior, but subsequent, to the crime charged, and they were admissible as being in the nature of an extra-judicial admission of guilt by the defendant's conduct evidencing a consciousness of guilt.

"Evidence that a party has sought to obtain false testimony, fabricate, or destroy evidence, or bring undue pressure to influence a witness to testify for him, is received as an admission by conduct that the party's case is weak and cannot be won by fair means." Udall, Arizona Law of Evidence, § 178 at pp. 385–386. See also 31A C.J.S. Evidence § 293.

■ We have on other occasions approved the admissibility of conduct evidencing a consciousness of guilt such as flight, State v. White, 101 Ariz. 164, 416 P.2d 597; State v. Loftis, 89 Ariz. 403, 363 P.2d 585; fabricating evidence, State v. Sowards, 99 Ariz. 22, 406 P.2d 202; State v. Loftis, supra; and subornation, Doughty v. State, 44 Ariz. 100, 33 P.2d 991. Attempts by a defendant to suppress or falsify testimony by bribes, threats, or other undue influence are admissible. See Garza v. State, 172 Tex.Crim. 468, 358 S.W.2d 622; Collier v. Commonwealth (Ky.), 339 S.W.2d 167; State v. Russell, 62 Wash.2d 635; 384 P.2d 334.

In Johnson v. People, 149 Colo. 13, 367 P.2d 896, the court stated:

"* * * While the form of the question to which objection was made cannot be approved, the substance of the matter to which the question referred could very well have been proper as laying a foundation for subsequent impeachment of defendant on a material matter. If in fact defendant had threatened a witness in the case, the prosecutor could specifically direct his attention to the matter constituting the alleged threat and require him to either admit or deny it. If defendant admitted the threat it could be considered by the jury as bearing upon the credibility of his claim of innocence. If he denied the threat the district attorney could establish by competent evidence that the threat was made and the effect thereof would be for the determination of the jury as bearing upon the credibility of his claim of innocence. It is always relevant to show that a defendant in a criminal case manufactured or fabricated evidence, or by any means attempted to suppress testimony which might adversely affect him."

Therefore, it was not error for the court to permit the State to embark on this line of questioning.

The defendant then complains that the court refused to permit his mother to testify as to his alibi. In compliance with Rule 192, subd. B, Rules Crim.Proc., A.R.S.[2] a

2. Rule 192. Plea of not guilty by reason of insanity or alibi; notice required; effect of failure to give notice

A. When the defendant pleads not guilty and proposes to show in evidence that he was insane or mentally defective at the time of the alleged commission of the offense charged, he shall at the time he pleads, or at any time thereafter but not later than four days before trial, file with the clerk and serve upon the county attorney a written notice of his intention. If the defendant fails to file and serve such notice, he shall not be entitled to introduce evidence tending to establish such insanity or mental defect, but the court may permit such evidence to be introduced when good cause for the failure to file and serve the notice is shown.

B. If a defendant intends to offer testimony to establish an alibi, he shall file with the clerk and serve upon the county attorney, not less than five days prior to the trial, written notice of intention to claim such defense. The notice shall contain the names of the witnesses to be used in support thereof and specific information as to the place at which the defendant claims to have been at the time of the commission of the alleged offense. If a defendant fails to file the required notice, the court, in its discretion, may exclude evidence offered for the purpose of proving such defense.

notice of intent to plead alibi was filed listing the names of three witnesses, but did not include that of Mrs. Adair, defendant's mother.

■ Rule 192 specifically places the decision as to alibi evidence, in absence of proper notice, within the discretion of the trial court. We have ruled that the entire defense of alibi can be excluded for failure to file a timely notice in State v. Dodd, 101 Ariz. 234, 418 P.2d 571.

"The testimony further shows that the alibi which defendant was seeking to establish was that he was present at a party which was attended by the witnesses who were relatives and friends. Rule 192, subd. B, 17 * * * A.R.S., makes it discretionary with the court as to whether such testimony should be denied where notice is not given in compliance with the rule. Defendant certainly knew of this evidence, and knowledge of it could have been ascertained by his attorney in time to give the five days' notice. Certainly it was his duty to have asked permission of the court to call the witnesses at the time he admits he had knowledge of them, which was two days before the request was actually made. The question then is whether the court abused its discretion in denying the evidence.

    *    *    *    *    *    *

"* * * Because of defendant's failure to attempt compliance with the notice rule, we find no abuse of discretion in the instant case. Any decision to the contrary would render the force of 17 A.R.S. § 192, subd. B nugatory."

■ Surely the court's discretion extends to the narrower question whether or not to permit testimony by a witness not named in the notice and where the State is thereby deprived of the opportunity of preparing a rebuttal. Nowhere in the record is there given any reason for the failure to include the witness in the notice nor does the defendant, in his brief on this appeal, point to any explanation for such omission. Therefore, we cannot say that the trial judge abused his discretion.

The defendant's final contention as to a deprivation of a fair trial is based on the existence of prejudicial error in the preceding questions. There being no error, his allegation is without merit.

Judgment affirmed.

LOCKWOOD, C. J., and UDALL, J., concur.