THE STATE OF OHIO, APPELLEE, *v.* SMITH, APPELLANT.

(No. 76-827—Decided April 27, 1977.)

Mr. *David E. Bowers,* prosecuting attorney, and *Mr. Stephen R. Shaw,* for appellee.

*Roger B. Turrell & Assoc. Co., L. P. A., Mr. Roger B. Turrell, Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Robert E. Leach,* for appellant.

*Per Curiam.* The main issue raised in the instant cause is whether the trial court abused its discretion when it excluded the testimony of the three defense witnesses concerning the whereabouts of the defendant and his girl friend from roughly 9:00 p. m. to 1:00 a. m. on October 16, 1974.[2]

[2]In their briefs and arguments before this court, the parties discussed the constitutionality of Crim. R. 12.1 as it applies to the alibi testimony of a *defendant.* Since we have found exclusion of that testimony to be an abuse of discretion in the instant cause, we decline to decide the issue.

Crim. R. 12.1 provides:

"Whenever a defendant in a criminal case proposes to offer testimony to establish an alibi on his behalf, he shall, not less than seven days before trial, file and serve upon the prosecuting attorney a notice in writing of his intention to claim alibi. The notice shall include specific information as to the place at which the defendant claims to have been at the time of the alleged offense. If the defendant fails to file such written notice, the court may exclude evidence offered by the defendant for the purpose of proving such alibi, *unless the court determines that in the interest of justice such evidence should be admitted.*" (Emphasis added.)

The purpose of pre-trial discovery rules such as the alibi notice requirement of Crim. R. 12.1 is to insure a fair trial for both the state and the defendant. *Williams* v. *Florida* (1970), 399 U. S. 78; *Commonwealth* v. *Shider* (1966), 209 Pa. Super. 133, 224 A. 2d 802. In keeping with that purpose, Crim. R. 12.1 requires the defendant to file timely notice of his intent to raise an alibi defense (*State* v. *Focht* [1974], 37 Ohio St. 2d 173, 174); but it also grants the trial court the discretion to waive that requirement and to admit unfiled alibi testimony if it is in the "interest of justice" to do so.

If the alibi testimony does not surprise or otherwise prejudice the prosecution's case (see *State* v. *Thayer* [1931], 124 Ohio St. 1, 4, and see, also, *State* v. *Nooks* [1930], 123 Ohio St. 190, 193-194), and if the defense operated in good faith when it failed to give proper notice of an alibi defense (see *State* v. *Adair* [1970], 106 Ariz. 4, 469 P. 2d 823, 826), then the "interest of justice" may require admission of the unfiled alibi testimony.[3] After an examina-

---

[3]The syllabus of the *Nooks* opinion provides as follows:

"Upon the trial of persons jointly indicted for grand larceny, a verdict of guilty will not be disturbed *where no abuse of discretion appears* in the trial court excluding testimony offered by the accused for the purpose of proving an alibi, no notice of which has been given the state as provided in Section 13444-20, General Code, such proffered testimony being 'for the purpose of showing the whereabouts of said

tion of the instant cause for good faith on the part of the defense, surprise to the prosecution, and prejudice to either party, we find that the trial court's exclusion of testimony concerning the whereabouts of defendant and Miss Ayers on the evening of October 16 did not serve the "interest of justice."

Nothing in the record of the instant cause reveals bad faith on the part of the defense. Defense counsel filed notice concerning Smith's whereabouts on October 18, and explained their failure to do so for the 16th by stating that they believed the defendant's assertion that he was elsewhere on the 16th to be implicit in his denial of the charge of selling marijuana, *in person,* to agents Krouskop and Schroeder. Although counsel were mistaken in that belief (see *State* v. *Nooks* [1930], 123 Ohio St. 190, 193-194), they were not engaged in the poker game strategy which alibi notice requirements are designed to prevent. *Williams* v.

---

defendant * * * and to disprove the testimony of * * * witness for the prosecution,' it not appearing that such proffer went to any other subject than that of alibi." (Emphasis added.)

The *Nooks* and *Thayer* opinions were both responses to appellate court rulings that certain alibi testimony *did not fall within the alibi notice requirement.* In holding that the defense should have filed notice of alibi testimony even though that testimony impeached the credibility of a state witness (*Nooks, supra,* at page 193) or contradicted state testimony in support of the charge (*Thayer, supra,* at page 4) both opinions are consistent with the court's ruling that the trial court abused its discretion in the instant cause by excluding the alibi testimony of Smith and Ayers. We do not hold that the testimony of Smith and Ayers *was not alibi testimony* because it tends to contradict the testimony of state witness Krouskop, but merely maintain, in the language of the *Nooks* opinion, at page 194, that "it affirmatively appears *from this record* that the trial court abused its discretion * * *." (Emphasis added.)

That the court in the *Adair* opinion considered good faith on the part of the defendant to be important is revealed in the reasons it gives, at page 7, for excluding alibi testimony on the facts before it:

"* * * Nowhere in the record is there given any reason for the failure to include the witness in the notice nor does the defendant, in his brief on this appeal, point to any explanation for such omission."

*Florida, supra,* at page 82. It was, therefore, not necessary for the trial court to impose the sanctions of Crim. R. 12.1 on the defense.

The excluded testimony of the three defense witnesses concerning the whereabouts of the defendant and his girl friend on the evening of October 16 did not constitute surprise testimony by last-minute or out-of-town witnesses whose credibility the prosecution had no opportunity to probe. *State* v. *Thayer, supra,* at page 4. The prosecution knew from the time of defendant's arrest that the testimony of the defendant, his brother and his girl friend as to the whereabouts of defendant and Ayers on the evening of October 16 would be crucial because its case was based on police agents' statements placing all three at the scene of the crime.[4] Moreover, there is no indication that the prosecution would have presented its case differently had it known of the specific alibi testimony in advance. Indeed, the prosecution had clearly combed the evidence for material to impeach the testimony of the three defense witnesses concerning their whereabouts on the evening in question. (Even before the defense called Margo Ayers to the witness stand, the prosecution elicited testimony from agent Schroeder designed to lead jurors to infer that Ayers recognized Schroeder from the evening of the sale.) Furthermore, any incidental element of surprise which the excluded testimony might have contained could have been remedied without prejudice to either party had the trial court granted defense counsel's request for a brief continuance to allow the prosecution additional discovery time.

Admission of the unfiled alibi testimony would not have surprised or otherwise prejudiced the prosecution. Further, the exclusion of that testimony was sufficiently

---

[4] Implicit support for the proposition that the state will not be prejudiced by the unfiled alibi defense of a witness whose identity and general connection with the alleged crime is known to the prosecution is found in Federal Rule of Criminal Procedure 12.1(e) which allows the *defendant* to testify concerning his alibi even if he has failed to comply with the alibi notice rule.

damaging to the defendant to endanger his chances of obtaining a fair trial. Because a number of defense witnesses challenged the reliability of both the prosecution's tapes and of agent Krouskop,[5] the defendant stood to benefit greatly if the jury believed his account of his activities on the evening of the alleged sale. Once the trial court precluded the three defense witnesses from testifying concerning the whereabouts of defendant and Ayers that evening, defendant and his girl friend were reduced to testifying that they were not at the sale without being allowed to explain where they were. That silence certainly diminished their credibility. *Commonwealth* v. *Shider, supra.*[6] Since the alibi evidence was not withheld from the prosecution in bad faith, since it would not have surprised or otherwise prejudiced the prosecution, and since its admission was necessary under the facts of the instant cause to insure defendant a fair trial, we find that the trial court's exclu-

---

[5]Both agents had access to the tapes after they were delivered to the District Enforcement Agency office. Portions of the taped conversation introduced by the prosecution as evidence of the sale were identified by several defense witnesses as actually occurring on October 17 when the three defense witnesses and some of their friends ran into Krouskop at a Lima bar. In addition, the testimony elicited from the filling station owner implied that a conversation taped at his gas station between two parties whose cars were parked as Krouskop testified should have included three or four rings of a bell as the cars rolled over the rubber hose designed to alert the attendant to a waiting customer.

Defendant's time card, which was punched out by him, showed that he did not leave his place of employment in the afternoon of the 16th until after the time Krouskop testified to meeting with him to arrange the sale of marijuana. In addition, 19 witnesses, including a farmer who had no connection with the defendant or members of his peer group, testified to witnessing Krouskop's use, sale or pandering of drugs (mostly marijuana) during a four-year period of time before defendant's trial.

[6]The situation in the instant cause is similar to that in *Commonwealth* v. *Shider, supra* (209 Pa. Super. 133), where the court found that refusing to permit Mrs. Shider to testify after a neighbor testified to seeing the Shiders at home at the time of the crime was highly prejudicial to the defense.

sion of that alibi testimony defeated the policy of justice and fair play underlying Crim. R. 12.1 and, therefore, constituted an abuse of discretion.

For the forgeoing reasons, the judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for a new trial.

*Judgment reversed.*

O'NEILL, C. J., W. BROWN, STERN and SWEENEY, JJ., concur.

HERBERT, CELEBREZZE and LOCHER, JJ., dissent.

STERN, J., retired, assigned to active duty under authority of Section 6(C), Article IV, Constitution, sitting for P. BROWN, J.

CELEBREZZE, J., dissenting. Because I believe the opinion of the majority effectively emasculates Crim. R. 12.1, I must dissent.

"Given the ease with which an alibi can be fabricated, the state's interest in protecting itself against an eleventh hour defense is both obvious and legitimate. Reflecting this interest, notice-of-alibi provisions, dating at least from 1927, are now in existence in a substantial number of states." *Williams* v. *Florida* (1970), 399 U. S. 78, 81-82. (Footnotes omitted.)

The Ohio General Assembly, in 1929, enacted G. C. 13444-20, which required advance notice to the prosecution of the defendant's intent to rely upon an alibi defense. G. C. 13444-20 provided that "* * * in the event of the failure of a defendant to file the written notice * * * the court may, *in its discretion,* exclude evidence offered by the defendant for the purpose of proving such alibi." (Emphasis added.)

In *State* v. *Nooks* (1930), 123 Ohio St. 190, the two defendants were tried on a charge of larceny of chickens. Dur-

ing the trial one defendant attempted to call a witness for the purpose of proving an alibi. The trial court sustained the prosecution's objection to this testimony, since no written notice of intent to rely on an alibi had been given to the state. Upon appeal, defendants argued that the testimony should have been admitted, since it tended to impeach the testimony of the principal witness for the prosecution. This court disagreed, and concluded, at page 194, as follows:

"Under the rule of Section 13444-20 we do not find that it affirmatively appears from this record that the trial court abused the discretion set forth in the statute, by the exclusion of this alibi testimony; nor were the defendants prevented from having a fair trial within the provisions of the Criminal Code. To hold that there was an abuse of discretion under this record is to deprive Section 13444-20 of any force and effect, as it is difficult to conceive how any alibi testimony in a criminal case would not tend to disprove the testimony offered by the state upon the point of the whereabouts of the accused at the time and place of the commission of the offense."

Since July 1, 1973, notice of alibi has been required by Crim. R. 12.1.[7] Although Crim. R. 12.1 does not make explicit reference to the trial court's *discretion* in exercising the power to exclude, it is clear that abuse of discretion is the appropriate standard for review by this court.[8]

In reviewing the exercise of discretion by the trial court below, the majority relies upon three considerations: (1) Good faith on the part of the defense, (2) surprise to the prosecution, and (3) prejudice to either party.

The majority first cites *State* v. *Thayer* (1931), 124 Ohio St. 1, for the proposition that the trial court abuses

[7]Crim. R. 12.1 presumptively supersedes R. C. 2945.58. This section became effective in 1953, and was virtually identical to its forerunner, G. C. 13444-20.

[8]See *State* v. *Focht* (1974), 37 Ohio St. 2d 173, 175, which applies this standard to a cause involving R. C. 2945.58. That section makes no explicit reference to the *discretion* of the court, as did G. C. 13444-20.

its discretion when it excludes testimony relative to an alibi, where the prosecution is neither surprised nor prejudiced. Although there is no specific mention of either surprise or prejudice in *Thayer*, this court, at page 4, does offer the following remarks in the course of ruling that the alibi notice statute is constitutional:

"* * * This law pertains to a very important feature of the criminal law. It gives the state some protection against false and fraudulent claims of alibi often presented by the accused so near the close of the trial as to make it quite impossible for the state to ascertain any facts as to the credibility of the witnesses called by the accused, who may reside at some point far distant from the place of trial. * * * To admit such testimony from other witnesses on the ground that it tends to contradict testimony offered by the state is simply an indirect way of nullifying the statute entirely."

In their attempt to establish that the prosecution could not have been surprised, the majority in this case, in the better light of hindsight, states that: "[t]he prosecution knew from the time of defendant's arrest that the testimony of the defendant, his brother and his girl friend as to the whereabouts of defendant and Ayers on the evening of October 16 would be crucial * * * ." This comment completely disregards the fact that the prosecution could properly rely upon defense counsel to give notice of intent to raise an alibi, and that since the defense failed to do so, the prosecution would certainly be surprised by last minute testimony of witnesses whose credibility *with regard to the purported alibi* the prosecution had no opportunity to probe. In addition, it is patently apparent that if the prosecution should have known that the alibi evidence was crucial, then, *a fortiori*, the defense should have been aware of this fact, and given seasonable notice to the state.

In an affort to establish that *good faith*, on the part of the defense, in failing to file notice of alibi should be a consideration when reviewing the exercise of discretion by the trial court, the majority relies upon an Arizona case,

*State* v. *Adair* (1970), 106 Ariz. 4, 469 P. 2d 823. In *Adair* the defense neglected to name a witness which it intended to call to establish an alibi. The Arizona statute requires a defendant, who intends to rely on an alibi, to file a notice listing the names of all witnesses who will testify in support of such defense. In affirming the defendant's conviction, the Supreme Court of Arizona noted that the decision to admit alibi evidence, in the absence of proper notice, was within the discretion of the trial court. While the court made no mention of a "good-faith mistake," it did point out that both the record and brief on appeal were silent as to any explanation of why the witness' name was not included in the list. The *Adair* court also quoted from its decision in *State* v. *Dodd* (1966), 101 Ariz. 234, 418 P. 2d 571, which case cited the Ohio case of *State* v. *Thayer, supra* (124 Ohio St. 1), with approval. In *State* v. *Dodd*, at page 237, the following appears:

"* * * [t]he alibi which defendant was seeking to establish was that he was present at a party which was attended by the witnesses who were relatives and friends. Rule 192, subd. B, 17 * * * A. R. S., makes it discretionary with the court as to whether such testimony should be denied where notice is not given in compliance with the rule. Defendant certainly knew of this evidence, and knowledge of it could have been ascertained by his attorney in time to give the five days' notice. Certainly it was his duty to have asked permission of the court to call the witnesses at the time he admits he had knowledge of them, which was two days before the request was actually made. The question then is whether the court abused its discretion in denying the evidence.

"* * *

"* * * Because of defendant's failure to attempt compliance with the notice rule, we find no abuse of discretion in the instant case. Any decision to the contrary would render the force of 17 A. R. S. Section 192, subd. B nugatory."

I must confess to having great difficulty in accepting

a self-serving claim on the part of defense counsel that its failure to file a notice of alibi, pursuant to Crim. R. 12.1, was a good faith error. In view of the fact that the requirements of Crim. R. 12.1 are set forth in plain and simple terms, that such notice of alibi has been required in Ohio since 1929, and that Ohio courts have specifically held that the filing of notice is mandatory,[9] I believe that the error on the part of appellant's trial counsel was inexcusable, if not wholly contrived.

Facts similar to those in the case at bar are set out in the appeal from the denial of a petition for a writ of habeas corpus in *Johns* v. *Perini* (C. A. 6, 1971), 440 F. 2d 577. Appellant therein had been convicted for the possession and sale of marijuana. Although appellant's trial counsel failed to file a notice of intention to rely upon an alibi, the trial court exercised its discretion and allowed appellant himself to testify as to his employment in an auto factory at the time and on the evening when the sale of the marijuana was alleged to have occurred. The prosecution, however, vigorously opposed any attempt to buttress the claim of alibi by the introduction of employment records. Because it was unclear whether defense counsel made a tactical decision not to introduce the documentary evidence, or whether he was precluded from doing so because he had neglected to give the required notice of alibi, the Court of Appeals vacated the order of the district court and remanded the cause for an evidentiary hearing. The Court of Appeals remarked that if the defense was precluded from introducing documentary evidence in support of appellant's only defense, *i. e.*, the alibi, because of counsel's failure to file the required notice, the issuance of the writ of habeas corpus would be dictated by the decision in *Schaber* v. *Maxwell* (C. A. 6, 1965), 348 F. 2d 664.

*Schaber,* and other cases cited by the *Johns* court including *Powell* v. *Alabama* (1932), 287 U. S. 45, establish

---

[9]See *State* v. *Focht, supra; State* v. *Payne* (1957), 104 Ohio App. 410.

that an accused is denied the right to counsel, guaranteed by the Sixth Amendment to the United States Constitution, when performance by counsel is ineffective. Recently this court set forth the standards by which to evaluate the assistance of counsel when a claim of ineffectiveness is made. See *State* v. *Lytle* (1976), 48 Ohio St. 2d 391.

I think it apparent that by no stretch of the imagination could counsel's failure to file notice of alibi be considered a tactical decision. However the question of effective assistance of counsel is not an issue in this appeal nor is it passed on by this writer.

I would hold that the trial court, in the exercise of its discretion, properly excluded the evidence relative to an alibi defense, notice of which was not filed pursuant to the mandate of Crim. R. 12.1. For this reason, I dissent.

LOCHER, J., concurs in the foregoing dissenting opinion.