DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
On June 21, 2000[1], the Lorain County Court of Common Pleas convicted Tywan Perry ("Perry") of felonious assault, in violation of R.C. 2903.11(A)(2); aggravated robbery, in violation of R.C. 2911.01(A)(1) and a firearm specification, in violation of R.C. 2941.145. The trial court sentenced Perry to five years for the felonious assault, five years for the aggravated robbery and three years for the firearm specification. The sentences were concurrent. Perry appeals his conviction. We affirm.
 I.
At approximately 1:30 a.m., on April 30, 1999, two armed men came into Raul Garcia's ("Garcia") home and robbed him. Garcia identified the two men as Perry and Willie McDaniels ("McDaniels"). Garcia knew Perry from school and McDaniels from the neighborhood. Garcia described the robbery. After entering the house, Perry put a gun to Garcia's head while McDaniels went directly to Garcia's room. Perry ordered Garcia to remove his jewelry and empty his pockets. Garcia was forced to unlock a safe found under his bed and McDaniels struck Garcia's eye when the safe was found empty. Garcia removed another safe from his closet, opened the safe and gave its contents to the men, approximately $300-$400 in cash.
The Grand Jury indicted Perry on felonious assault and aggravated robbery of Garcia. Each count carried a firearm specification. Shortly before the beginning of Perry's trial McDaniels was arrested. Perry's defense counsel moved the trial court for a continuance so he could investigate an alibi and attempt to have Perry and McDaniels tried together. The trial court denied this motion and on September 14, 1999, a jury found Perry guilty on all charges. The trial court sentenced Perry to five years for the felonious assault, five years for the aggravated robbery and three years for the firearm specification. The sentences were concurrent.
Perry timely appeals to this court.
 II.
Assignment of Error No. 1:
 THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES.
 In his first assignment of error, Perry argues that defense counsel was ineffective because he failed to filed a timely request for discovery and an alibi defense. We disagree.
A two-step process is employed in determining whether the right to effective counsel has been violated.
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693. In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695. The defendant has the burden of proof and must overcome the strong presumption that counsel's performance was adequate. Strickland, 466 U.S. at 689, 80 L.Ed.2d at 694-695.
First, Perry argues that defense counsel failed to timely file a request for discovery. On the day of trial defense counsel learned that the state planned to introduce a tape containing incriminating statements made by Perry to the police. Perry asserts that there was no exchange of discovery materials, including the taped statements, because defense counsel failed to timely request discovery.
Crim.R. 16 states that the defendant's statements are subject to discovery "[u]pon a motion of the defendant." Crim.R. 16(B)(1)(i). The record reflects that defense counsel did not make a request for discovery. However the alleged prejudice is the surprise of the existence of Perry's incriminating statement and its impact on defense counsel's trial strategy. While it is true that defense counsel may have been surprised the morning of trial upon learning of the existence of this statement, Perry was not because he made the taped statements to the Lorain police officers. Perry's choice to conceal the existence of his taped conversation from his counsel can not be classified as defense counsel's deficient performance.
Second, Perry argues that defense counsel's failure to timely file an alibi defense was ineffective assistance of counsel. Crim.R. 12.1 requires an alibi defense be filed seven days before trial. On September 10, 1999, defense counsel filed a motion for continuance. Defense counsel argued he needed a continuance because "[i]t has recently been brought to counsel's attention that the Defendant may have a viable alibi defense." The motion was filed the Friday before trial. The trial court denied the motion for continuance.
The record reflects that Perry's "viable alibi" was that on the same evening of the robbery he was at a family cookout, became inebriated, passed out and was carried into his bed by family members. Perry realized the similarity of dates between the robbery and cookout after "speaking with family and going over the dates." No reason was offered as to Perry's delay in waiting until the weekend before trial to share this alibi with defense counsel. A review of the record also reveals that the state did not object to Perry testifying about his alibi.
The Grand Jury indicted Perry on the charges of aggravated robbery and felonious assault on June 15, 1999. The fact that Perry chooses to wait almost three months before sharing his alibi with defense counsel can not be considered defense counsel's deficient performance.
We find that Perry has failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced by defense counsel's performance. It cannot be said that, but for defense counsel's failure to timely file a request for discovery and an alibi defense, that the outcome of Perry's trial would have been different. Therefore, Perry has not shown ineffective assistance under Strickland and Bradley.
The first assignment of error is overruled.
 III.
Assignment of Error No. 2:
 THE TRIAL COURT DEPRIVED APPELLANT OF PROCEDURAL DUE PROCESS IN VIOLATION OF THE CONSTITUTIONS OF THE STATE OF OHIO AND THE UNITED STATES.
 In his second assignment of error, Perry argues that the trial court erred in: 1) denying his motion to continue, 2) suppressing his alibi defense and 3) denying his Crim.R. 29 motion for acquittal. We disagree.
 A. Denial of Motion to Continue
We review a trial court's decision to grant or deny a continuance under an abuse of discretion standard. State v. Unger (1981), 67 Ohio St.2d 65,67. An abuse of discretion connotes more than an error of law or judgment, but implies that the judgment can be characterized as unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
Defense counsel requested a continuance to permit time to join his case with McDaniels and to investigate an alibi defense. The trial court denied the motion. On the morning of trial, defense counsel renewed his motion for continuance. The trial court again denied the motion stating that it was not made for good cause rather it was made for tactical maneuvering. The trial court also stated that Perry previously failed to "sign a time waiver, which would have allowed this matter to be set at a move leisurely pace for — — which would have increased the likelihood of the codefendant being arrested."
We find that the trial court did not abuse its discretion in denying Perry's motion for a continuance.
 B. Suppression of Alibi Defense
As previously discussed, defense counsel did not file an alibi defense pursuant to Crim.R. 12.1. The record reflects that the state did not object to Perry testifying about his alibi defense. However, the state did have objections to any other defense witness testimony regarding the alibi defense. Defense counsel was not comfortable with presenting the alibi defense solely through Perry's testimony. Unable to reach an agreement regarding the alibi defense the state made a motion in limine to exclude any testimony regarding an alibi defense. The trial court granted the state's motion.
The purpose of pre-trial discovery rules such as the alibi notice requirement of Crim.R. 12.1 is to insure a fair trial for both the state and the defendant. State v. Smith (1977), 50 Ohio St.2d 51, 53, citingWilliams v. Florida (1970), 399 U.S. 78, 26 L.Ed.2d 446. In keeping with that purpose, Crim.R. 12.1 requires the defendant to file timely notice of his intent to raise an alibi defense, but it also grants the trial court the discretion to waive that requirement and to admit unfiled alibi testimony if it is in the "interest of justice" to do so. Id. When the alibi evidence does not surprise or otherwise prejudice the prosecution's case, and when it is apparent that the defense acted in good faith, the exclusion of alibi evidence can constitute an abuse of discretion. Id.
We find that the last minute request to allow the testimony of Perry's mother and possibly other unnamed defense witnesses both surprised and prejudiced the prosecution. The prosecution had short notice of Perry's alibi, no opportunity to interview or investigate Perry's proposed alibi witnesses, and was prejudiced by the apparent tactics of defense counsel as to the alibi defense. The state had fully prepared its case and trial strategy while under the impression that defendant did not plan on calling alibi witnesses.
It was not unreasonable, arbitrary, or unconscionable for the trial court to exclude Perry's alibi defense testimony, nor did the interests of justice require the trial court allow other defense witnesses to testify.
 C. Denial of Crim.R. 29 Motion
Perry argues that the evidence was insufficient to convict him of felonious assault. Specifically, he asserts that the state's evidence fails to prove that he harmed or attempted to harm anyone and the state's evidence merely proved that Perry's actions constituted "an attempt to scare." This argument is not well taken.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." In reviewing the denial of a motion for acquittal, this court must construe the evidence in a light most favorable to the state. State v. Messer (1995), 107 Ohio App.3d 51,54. A motion for judgment of acquittal is properly denied "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Gasser (1993), 89 Ohio App.3d 544, 547, quoting State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
R.C. 2903.11 states that: 1) no person shall knowingly, 2) cause or attempt to cause physical harm to another, 3) by means of a deadly weapon. Physical harm is defined as "any injury, illness, or physiological impairment, regardless of its gravity or duration." R.C.2901.01(A)(3).
The state argues that Perry was convicted of felonious assault on a complicity theory. R.C. 2923.03(A)(2) states "[n]o person, acting with the kind of culpability required for the commission of an offense, shall * * * [a]id or abet another in committing the offense." A charge of complicity may be stated in terms of the principal offense. R.C.2923.03(F). Therefore, Perry was properly convicted of felonious assault if there was evidence that Perry had knowingly aided or abetted McDaniels to cause or attempt to cause physical harm to Garcia by the means stated in the statute.
R.C. 2901.22(B) defines knowing conduct as:
 [a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
 Whether a defendant "knowingly" committed an act is determined from the manner in which the act is done, the means used to commit the act, and all other facts and circumstances in evidence. State v. Hardin
(1984), 16 Ohio App.3d 243, 245, citing State v. Huffman (1936), 131 Ohio St. 27, paragraph four of the syllabus, superseded by statute on other grounds.
At trial, Garcia testified that he could identify Perry as one of the two armed men that entered his house and robbed him. Garcia went to pre-school with Perry and knew him from the neighborhood. Garcia testified that upon entering the house, Perry placed his gun against the side of Garcia's head and ordered him to empty his pockets and take off his jewelry. While Perry detained Garcia, McDaniels went directly to Garcia's bedroom. Garcia testified that McDaniels, not Perry, struck him and injured his eye.
We conclude that there was sufficient evidence that Perry caused or attempted to cause harm. Even though Perry did not physically strike Garcia, he aided McDaniels, knowing that it was very likely that injury might result. Viewing the evidence in a light most favorable to the prosecution, there was sufficient evidence to support Perry's conviction for felonious assault.
Having found that the trial court properly denied Perry's Crim.R. 29 motion and did not abuse its discretion in denying a continuance or in suppressing the alibi defense we overrule Perry's second assignment of error.
 IV.
Having overruled both assignments of error we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
___________________________ WILLIAM R. BAIRD
BATCHELDER, P. J., WHITMORE, J., CONCUR.
[1] The record reflects that the trial court originally sentenced the defendant on September 17, 1999. The trial court re-sentenced the defendant on June 2, 2000, because the trial court had failed to journalize its appointment of appellate counsel.