[Cite as *State v. Liggans*, 2014-Ohio-5465.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2014-A-0008** |
| - vs - | : | |
| MAJERUS LIGGANS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2012 CR 780.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Ariana E. Tarighati*, Law Offices of Ariana E. Tarighati, L.P.A., 34 South Chestnut Street, Suite 100, Jefferson, OH 44047-1092 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Majerus Liggans, appeals from the judgment of the Ashtabula County Court of Common Pleas, finding him guilty, after a jury trial, of burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree. Based on the following, we affirm.

{¶2} Liggans and Melissa Zirkle were in an on-again, off-again relationship for roughly 13 years and have one child together. They resided at 1317 Perryville Place in

Ashtabula from 2005 until June 2011, when their relationship terminated and Liggans left the home. Ms. Zirkle remained at this address. At the time of the incident described below, Liggans resided in Ashtabula with his fiancé and her children. Liggans and Ms. Zirkle seldom communicated with each other, but they would sometimes communicate concerning their child.

{¶3} On July 16, 2012, at approximately 12:00 a.m., Liggans was seen by one of Ms. Zirkle's neighbors, Renee Plott. Ms. Plott testified that while she was sitting on her front porch, she observed Liggans park his vehicle down the road and run behind neighborhood homes to Ms. Zirkle's residence. Ms. Plott stated she recognized Liggans because she had watched him drive past her home several times throughout the day. Ms. Plott testified that Liggans was wearing all black and was not carrying anything while running through the backyards of the neighborhood. A short time later, Ms. Plott watched as Ms. Zirkle returned home from work and opened her front door. Ms. Plott heard Ms. Zirkle scream and run to her next door neighbor's home. Ms. Plott then witnessed Liggans running through the backyards from Ms. Zirkle's home toward his vehicle. At this time, Liggans was carrying a black bag.

{¶4} Ms. Zirkle testified that she returned home around 12:30 a.m. and saw Liggans standing in her dining room, located across the front door. Ms. Zirkle yelled at Liggans and then ran next door to call the police. After the police arrived and went through her home, Ms. Zirkle went back into the home and informed the officer that several items were missing. These items included: a safe under her bed containing various papers and $500 cash, jewelry, an iPod Nano, and family heirlooms. Her son's

gaming system and games were later located in a pillowcase lying on her son's bedroom floor.

{¶5} The responding officer, Patrolman Erwin of the City of Ashtabula Police Department, testified that, while searching the house, he noticed an access door leading to the basement had been broken. Finding no intruder in the home, he retrieved Ms. Zirkle and proceeded to walk through the house. At that time, they discovered muddy footprints from the basement to the dining room, kitchen, and the upstairs bedrooms. Patrolman Erwin took photographs of the footprints, which were lost due to computer issues at the station.

{¶6} Liggans testified that although he was aware of the safe's location under the bed, he had given Ms. Zirkle his keys to the home in 2011 and was not there on the night in question. Instead, Liggans stated he was at his residence on the computer looking for dogs to purchase for breeding. He testified that he made a purchase online that night via PayPal, but did not have the receipt on the day of his testimony. When the court resumed the next day, Liggans offered the PayPal receipt as evidence to demonstrate he was at home on the night of the incident; the trial court denied the admission of said receipt.

{¶7} Liggans also stated his vehicle was not running properly at the time of the incident and was riding a bicycle to get from place to place. This was corroborated by his stepdaughter, Shaqualla Montgomery, who testified that she often had to drive him places in her friend's vehicle because his vehicle would not start. Ms. Montgomery further stated that she would have known if Liggans had left their residence because

3

she was sleeping on the couch at the time in question and he would have had to pass her to exit their residence.

{¶8} Liggans testified that, through December 2012, he and Ms. Zirkle continued their arranged visitation with their child and she did not make any remarks to him about the incident. It was only when he went to the police station to make a report on an unrelated matter that he was informed there was a warrant for his arrest. Of the items that were taken from Ms. Zirkle's home, Liggans commented that Ms. Zirkle never kept money or valuables in the safe and he would not have taken the gaming system away from his son. He also stated that he knew the basement doors were always secured with two-by-fours, as they were when he lived at the home.

{¶9} Liggans was found guilty of burglary. He was placed on community control for a period of two years and ordered to make restitution in the amount of $700 to Ms. Zirkle.

{¶10} Liggans filed a timely notice of appeal and has assigned the following error for our review:

> The trial court erred to the prejudice of the Appellant by refusing to allow the Defendant's proffer of evidence at trial, specifically documents supporting his alibi, when his notice of alibi had been timely filed, in violation of Rule 12.1 of the Ohio Rules of Criminal Procedure and the Appellant's rights under the sixth and fourteenth amendments to the U.S. Constitution and Article I, Section 16 of the Ohio Constitution.

{¶11} On appeal, Liggans argues the court abused its discretion by not allowing the admission of evidence that would have helped support his alibi. Specifically, Liggans argues the trial court's denial of the PayPal statement is a violation of Crim.R. 12.1, which provides:

Whenever a defendant in a criminal case proposes to offer testimony to establish an alibi on his behalf, he shall, not less than seven days before trial, file and serve upon the prosecuting attorney a notice in writing of his intention to claim alibi. The notice shall include specific information as to the place at which the defendant claims to have been at the time of the alleged offense. If the defendant fails to file such written notice, the court may exclude evidence offered by the defendant for the purpose of proving such alibi, unless the court determines that in the interest of justice such evidence should be admitted.

{¶12} When reviewing a trial court's decision to exclude alibi evidence, an appellate court must determine whether the trial court abused its discretion. *State v. Jamison*, 49 Ohio St.3d 182, 189 (1990). The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925).

{¶13} In *State v. Smith*, 50 Ohio St.2d 51, 56 (1977), the Ohio Supreme Court set forth three considerations for determining whether the trial court abused its discretion in excluding alibi evidence: (1) Was the notice withheld from the prosecution in bad faith? (2) Does the alibi evidence constitute surprise or otherwise prejudice the prosecution? (3) Is the alibi evidence necessary to insure a fair trial for the defendant?

{¶14} Here, although Liggans filed a notice of alibi, stating "[a]t the date and time of the alleged offense, July 16, 2012, Defendant Liggans was at his home at 3413 Lake Ave. Ashtabula, Ohio," he had not considered producing the PayPal statement to aid in his defense until he was cross-examined by the state. During his cross-examination, Liggans testified that at the time of the incident, he was on the computer making a payment "to a guy in Florida of $500 for a dog"; Liggans stated that he would make the receipt available to the prosecution the next day. Liggans' counsel indicated that he was unaware of the receipt.

5

{¶15} The next day, Liggans' counsel requested permission to re-call Liggans so that proof of this transaction could be admitted. The state objected; the trial court sustained the state's objection.

{¶16} In *Smith,* the Supreme Court of Ohio held the trial court abused its discretion in excluding the appellant's alibi testimony when the trial court prohibited the testimony of three defense witnesses concerning the whereabouts of the defendant and his girlfriend on the evening in question. *Id.* at 56. The *Smith* Court reasoned that the admission of this testimony would not have surprised or prejudiced the prosecution and that the exclusion of that testimony was sufficiently damaging to the appellant to endanger his chances of obtaining a fair trial. *Id.* at 55-56. "Once the trial court precluded the three defense witnesses from testifying concerning the whereabouts of defendant * * * that evening, defendant and his girlfriend were reduced to testifying that they were not at the sale without being allowed to explain where they were." *Id.* at 56.

{¶17} In the case sub judice, Liggans provided the state with a notice of alibi and testified concerning his whereabouts on the evening in question. During his testimony, Liggans indicated he had bought a dog via PayPal that evening, but failed to provide the PayPal statement until the second day of trial. Even if the trial court had admitted such evidence, it is not specific enough to support Liggans' alibi. The statement would have only demonstrated activity on Liggans' PayPal account on July 17, 2012, the day after the burglary. Further, the PayPal statement does not indicate the precise time this payment was made. Unlike *Smith*, we fail to see how the PayPal statement would have made a difference as to the outcome of the trial. The state was clearly prejudiced by not having the ability to gather information to rebut Liggans' contention that the PayPal

6

receipt was generated at the time the burglary was committed. The jury heard the testimony of Ms. Zirkle, the victim; the attending officer; the victim's neighbor, Ms. Plott; appellant's stepdaughter; and appellant. The admission of the PayPal statement under the facts at issue was not necessary to ensure appellant a fair trial.

{¶18} Based on the opinion of this court, the judgment of the Ashtabula County Court of Common Pleas is hereby affirmed.

DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.

concur.