THE STATE OF OHIO, APPELLEE, *v.* RUSSELL, APPELLANT.

(No. 12106 — Decided October 30, 1985.)

*Lynn Slaby,* prosecuting attorney, for appellee.

*Saundra J. Robinson,* for appellant.

GEORGE, P.J. Defendant-appellant, Gregory Russell, appeals his conviction for theft pursuant to R.C. 2913.02. This court affirms.

On November 21, 1984, at about 10:30 a.m., a man was observed breaking into a car in a parking lot behind an office building at Dodge and Market Streets in Akron. The man removed an FM-AM stereo radio-cassette unit from the car and drove off in a brownish-gold car. One witness actually described the man and his getaway car to police over the phone as the crime was in progress. He was able to give police the license number of the getaway car. Another witness chased the car on foot up Dodge Street in order to get the license number. The license was traced to Gregory Russell. Although the latter witness was unable to identify the man, the first subsequently picked Russell from a police photo array.

Russell was arrested and trial was scheduled April 1, 1985. A notice of alibi was filed March 26, 1985. On the morning of the trial, the court granted the state's motion to exclude the notice of alibi and all testimony relating to alibi on grounds that the notice was not timely filed and not specific enough under Crim. R. 12.1. A jury found Russell guilty as charged and that he had a previous theft conviction. He was sentenced to eighteen months in the state penitentiary.

The trial court's refusal to allow alibi evidence is the basis of the appeal.

## Assignments of Error

"I. The trial court abused its discretion when it refused to allow the defense to present any evidence of defendant's whereabouts during the time the crime allegedly was committed.

"II. The trial court committed prejudicial error in holding the defense to strict compliance with criminal discovery rules when informal discovery is the pattern and practice of the Summit County Court of Common Pleas and the Summit County prosecutor's office."

Crim. R. 12.1 provides:

"Whenever a defendant in a criminal case proposes to offer testimony to establish an alibi on his behalf, he shall, not less than seven days before trial, *file and serve* upon the prosecuting attorney a notice in writing of his intention to claim alibi. The notice shall include *specific information* as to the place at which the defendant claims to have been at the time of the alleged offense. If the defendant fails to file such written notice, the court *may* exclude evidence offered by the defendant for the purpose of proving such alibi, unless the court determines that in the interest of justice such evidence should be admitted." (Emphasis added.)

Russell argues the notice of alibi was timely because counsel certified it was mailed to the prosecution on March 25, seven days before trial. But even if one accepts that as timely service, the statute requires the notice be both filed and served seven days before trial. The notice was filed March 26; thus, it was not timely under Crim. R. 12.1. The trial court did not base its exclusionary order on the time factor alone, however. The court also found the notice was imper-

missibly broad in that it did not give a specific address, but only stated that Russell was in Cleveland at the time the crime was committed.

It is generally recognized that an alibi claim is easy to make and difficult to meet without advance warning.

"* * * Given the ease with which an alibi can be fabricated, the State's interest in protecting itself against an eleventh-hour defense is both obvious and legitimate. * * *" *Williams* v. *Florida* (1970), 399 U.S. 78, 81 [53 O.O.2d 55].

The Ohio General Assembly first enacted a notice requirement for alibi evidence in 1929. The state Supreme Court, in finding this alibi notice statute constitutional, stated:

"* * * This law pertains to a very important feature of the criminal law. It gives the state some protection against false and fraudulent claims of alibi often presented by the accused so near the close of the trial as to make it quite impossible for the state to ascertain any facts as to the credibility of the witnesses called by the accused, who may reside at some point far distant from the place of trial. * * *" *State* v. *Thayer* (1931), 124 Ohio St. 1, 4.

Crim. R. 12.1, which went into effect July 1, 1973, embodies the same requirements as the statute. The language of the rule clearly allows the court an exercise of discretion to permit alibi evidence "in the interests of justice" even though terms of the rule have not been met.

In *State* v. *Smith* (1977), 50 Ohio St. 2d 51 [4 O.O.3d 118], the Supreme Court set forth three considerations for determination of whether or not there has been an abuse of discretion in excluding alibi evidence: (1) Was the notice withheld from the prosecution in bad faith? (2) Does the alibi evidence constitute surprise or otherwise prejudice the prosecution? and (3) Is the alibi

evidence necessary to insure a fair trial for the defendant?

The simple act of filing a notice of alibi is not sufficient evidence of good faith. Here, the notice was certified as mailed on Monday, March 25, exactly seven days before the trial was scheduled to start the following Monday. But it was not filed with the court until Tuesday and the prosecution did not receive it until Thursday morning. That left the state with only two days (excluding the weekend) to check into the alibi. Defense counsel was unable to explain why the notice was filed late.

Furthermore, it must have been evident to defense counsel that the language of the notice was not sufficiently specific. It states only that Russell was "in Cleveland, Ohio, in the company of his mother, Mary Russell and Tony Hickman." When the state requested the Cleveland address and additional information so they could contact Hickman, defense counsel apparently was unable to provide any further information. Given the fact that the rule requires "specific information" concerning defendant's claimed whereabouts at the time of the crime and that the purpose of the rule is to enable the state to check into that information, surely failure to provide the information upon request may be termed inexcusable.

Russell argues the Cleveland address was available to the state, since that was his home address and it was "in the record." The record does indeed contain a Cleveland address on the complaint and the arrest sheet, but in both instances that address is crossed out and replaced with the Akron address where Russell was living while attending school here. The record nowhere indicates that this Cleveland address was the same as that of his mother.

Russell further argues that the notice should not have surprised the prosecution, since he had consistently insisted to police that he was in Cleveland

at the time of the crime. Obviously, since Russell denied being the one who stole the radio-tape player, he could be expected to argue he was somewhere else. The problem is the notice did not provide enough information for the state to check so it could attempt to impeach that evidence. Thus, the state was prejudiced by defense counsel's failure to provide the information needed to check the alibi.

Finally, Russell argues the alibi evidence was necessary to insure a fair trial because the state's case rested upon a positive identification by only one witness. Testimony that Russell was elsewhere at the time of the crime would, of course, tend to impeach that identification testimony. This is the nature of alibi evidence. But the state's case included two witnesses who independently saw the getaway car and got the license number. Defense testimony that the car had been stolen and vandalized prior to the theft was weakened by admissions that this had never been reported to police. There is nothing here to suggest defendant did not receive a fair trial.

The trial court did not abuse its discretion in excluding the alibi evidence. Assignment of error one is thus overruled.

In his second assignment of error, Russell protests the strict enforcement of Crim. R. 12.1 in light of "informal" discovery practices generally accepted in Summit County courts. This court has approved "open file" discovery (*State* v. *Eskridge* [Aug. 27, 1980], Summit App. No. 9664, unreported), by which the prosecution is permitted to provide discovery simply by allowing defense counsel to see all its files. While this may be labeled as "informal" in the sense that defendant is not required to make a written request for information, "open file" discovery does not give any special privilege to either party to refuse to provide information subject to discovery. In allowing "open file" discovery, courts have not relinquished their authority to sanction violations by either party of discovery rules. Thus, assignment of error two is also overruled and defendant's conviction is affirmed.

*Judgment affirmed.*

QUILLIN and BAIRD, JJ., concur.